UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 08-22-KKC

UNITED STATES OF AMERICA,                                                             PLAINTIFF

v.                           **OPINION AND ORDER**

CHARLES ANDRE MOSLEY and
TORI ANN RODRIGUEZ,                                          DEFENDANTS

\* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Suppress of Defendant Tori Ann Rodriguez[1] [R. 18]; the Proposed Findings of Fact and Recommendation of the Magistrate Judge, which recommended that the Court grant the Defendant's Motion [R. 26]; and the Objections to this Report filed by the Plaintiff, United States of America [R. 28]. For the reasons given below, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the Magistrate Judge's Proposed Findings of Fact and Recommendation, and **GRANTS** the Defendants' Motion to Suppress.

**I. Background**

The factual and procedural background of this matter is as explained in the Magistrate Judge's Proposed Findings of Fact and Recommendation [hereinafter, "Report"]. To briefly review, on January 15, 2008, Detective David Lewis of the Lexington-Fayette Urban County Government police force obtained a warrant to search the residence of the Defendants. This warrant was based on a two-page affidavit stating several grounds to establish probable cause for the search warrant. Among these were sightings in areas known for drug activity of a vehicle

---

[1] Defendant Charles Andre Mosley later joined in this Motion. Hereinafter, the Court will refer to the arguments raised in the Motion to Suppress and the Response to the Objections as both Defendants' arguments.

registered to Defendants; two previous police stops of Defendant Charles Andre Mosley regarding drug sales (neither of which resulted in arrests or charges); and two garbage pulls from the curb outside Defendants' residence which revealed suspected drugs, sandwich baggies with missing corners, and mail addressed to Defendant Rodriguez and other individuals.  Report at 6-7.

Detective Lewis executed the warrant the following day, and in doing so discovered sixteen items of contraband in the Defendants' residence, including 96.7 grams of crack cocaine, two sets of digital scales with suspected cocaine residue, and a .25 caliber automatic handgun with ammunition.  *Id.* at 4.  Defendants moved to suppress this evidence.  They argued that (1) the search warrant was not supported by probable cause in that it failed to establish a sufficient nexus between the criminal activity and the searched residence; (2) that the affidavit was an unacceptable "bare bones" affidavit; and (3) that the search warrant is not entitled to the "good faith" exception to the exclusionary rule.  *Id.*  The Magistrate Judge recommended granting the Defendants' Motion to Suppress, as he determined that the warrant was not supported by probable cause and was not protected by the "good faith" exception to the exclusionary rule.  The United States' objections to these recommendations are analyzed below.

II.  **Analysis of Objections**

    A.  **Probable Cause**

The Magistrate Judge analyzed each statement in the affidavit that purported to establish probable cause for the search warrant to issue, and found each one to be lacking.  As the Magistrate Judge noted, the Defendants' vehicle had merely been observed in public thoroughfares; the affidavit did not state that either Defendant had been seen in the vehicle or

that any drug trafficking activity associated with the vehicle had ever been witnessed. *Id.* at 8-9. In addition, no one had observed either Defendant engaging in drug trafficking activity, the prior stops of Defendant Mosley did not result in arrests or charges, and the affiant never observed any suspicious activity of any kind at the Defendants' residence. Nobody was seen entering or leaving the residence and no packages were seen delivered to the residence. *Id.* at 9.

Finally, regarding the trash pulls, the Magistrate Judge pointed out that additional mail found in the trash indicated that the suspected drug-related items could have belonged to people other than the Defendants, and that the evidence recovered from the garbage had never been tested to verify the presence of illegal drugs. The Magistrate Judge also noted that the affiant had simply made a broad, conclusory statement that his "training and knowledge" led him to believe that the trash contained evidence of drug trafficking, without detailing any specifics. *Id.* at 9-10. Based on this, the Magistrate Judge concluded that the search warrant affidavit failed to establish a sufficient nexus between the illegal activity and the residence, meaning probable cause had not been demonstrated for the issuance of the search warrant.

The United States objects to this and argues that under the "totality of the circumstances" approach enunciated by the Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 232 (1983), the search warrant was supported by probable cause. The United States argues that the public thoroughfares in which the Defendants' vehicle was seen are locations associated with illegal drug activity, and that Defendant Mosley was stopped twice in connection with suspected drug activity. Objections at 5-6. The United States argues that the Magistrate Judge improperly focused on the connection between the Defendants and the illegal activity, rather than that between *the residence* and the illegal activity, as he should have. *Id.* at 6. Because of this, the

3

fact that the Defendants were never actually observed participating in drug trafficking or sitting in the vehicle is irrelevant. The relevant information, says the United States, is the fact that the vehicle was registered to the Defendants at their residence and was observed at the residence, and that evidence of suspected illegal drug activity was found in the garbage cans at the residence. *Id.* at 7-8.

In addition, the United States argues that the fact that the garbage contained mail from people besides the Defendants is irrelevant because this again improperly focuses on the Defendants and not at the residence. Finally, the United States argues that Detective Lewis's failure to specify his "training and experience," or to confirm that the trash-pull evidence actually was drug related, is also irrelevant because the state-court judge was entitled to infer that the evidence was connected with drug activity nonetheless. *Id.* at 8-9. Taken all together, submits the United States, the affidavit establishes probable cause based on the totality of the circumstances.

The Court does not agree with the United States. As an initial matter, the United States is incorrect that the manner in which the Magistrate Judge chose to analyze the affidavit for probable cause is flawed. *Id.* at 4. The United States faults the Magistrate Judge for allegedly "focus[ing] on several factors in the affidavit individually and independent of the other information," likening this to "line-by-line" scrutiny cautioned against in *United States v. Woosley*, 361 F.3d 924, 926 (6th Cir. 2004). However, *Woosley* and other Sixth Circuit Court of Appeals precedent simply make it clear that probable cause determinations are to be made based on the "totality of the circumstances," and that any individual statement in the affidavit will not be determinative on its own in a given case.

4

In this case, the Magistrate Judge carefully reviewed every statement in the affidavit that was relied on to establish probable cause, as this was clearly necessary to determine whether any of these statements provided evidence to support a finding of probable cause. After this review, the Magistrate Judge concluded that "the search warrant affidavit in question contained no substantive information linking the alleged drug trafficking with [the residence]," and that the requisite nexus was therefore not established. Report at 10. Although the Magistrate Judge does not explicitly state that in the "totality of the circumstances" there is no probable cause, that is the obvious, implicit conclusion to be drawn from his determination that the affidavit "contained *no* substantive information" to support probable cause. *Id.* (emphasis added). This type of analytical process employed by the Magistrate Judge has been used by the Sixth Circuit in making probable cause determinations. *See United States v. Helton*, 314 F.3d 812, 820-23 (6th Cir. 2003) (Court analyzes each portion of the affidavit, discounts the evidentiary value of each, and concludes that in the totality of the circumstances, no probable cause exists).

More importantly, the Court agrees with the Magistrate Judge's conclusion that no probable cause exists to support the search warrant in this case. The evidence at issue comes from sightings of the Defendants' vehicle in areas where arrests have been made for drug crimes, two previous stops of Defendant Mosley, and two trash pulls at the Defendants' residence. The vehicle sightings provide little to no evidence to support the inference that illegal drug contraband would be found at the searched residence. Although the areas where the vehicle was sighted may indeed be high drug activity areas, they are still public areas. The mere fact that a person may pass through, or even frequent these areas surely should not automatically give rise to suspicions that the person has illegal drugs at his residence. This would place each and every

resident and visitor of these areas under a police watch. Moreover, no drug trafficking or any other suspicious activities of any kind were witnessed in relation to the vehicle at the time of these sightings. We are left merely with sightings of a vehicle in areas where arrests have been made in the past for drug crimes. This is no evidence that drugs would be found at the vehicle's registered address.

The same can be said of the two previous police stops of Defendant Mosley. Mosley was stopped in reference to drug activities, *but no arrests were made and no charges were filed*. Since these stops apparently turned up no evidence of drug trafficking or possession at the time, it also cannot provide any evidence that illegal drugs would be located at Mosley's residence at a later time. The Magistrate Judge was right to dismiss this, since this provides no evidence that drugs would be found at Mosley's residence.

The only evidence that could even begin to provide probable cause in support of the search warrant was that from the trash pulls. The October 16, 2007 trash pull revealed what appeared to be, "based on the training and knowledge of the affiant," two small suspected marijuana blunts, a tissue paper containing a small amount of suspected marijuana, one corner baggie, one knotted baggie with a missing corner, and mail addressed to Tori Rodriguez and Thomas Ramey at the residence's address. The January 15, 2008 trash pull revealed, again "based on the training and knowledge of the affiant," eleven sandwich baggies, six of which had missing corners and some of which contained a white residue, and mail addressed to Tori A. Rodriguez, Billie Rodriguez, and Thomas Ramsey at the residence's address. A second trash bag revealed six sandwich baggies, four of which had missing corners and some of which contained a white residue, and mail addressed to Tori A. Rodriguez at the residence's address.

The problem with this suspected drug evidence is just that—it is only *suspected* drug evidence. Detective Lewis never tested this evidence to determine if it actually contained marijuana or other drugs, despite having ample time to do so.² Moreover, Detective Lewis merely gave a bare-bones statement that his "training and experience" led him to believe that the evidence was drug related. No information of any kind is provided to explain what kind of training and experience that the affiant has, how extensive that training and experience is, or what from the training and experience drove his conclusion about the trash contents' drug connections. The Plaintiff's response to this, that the state judge was entitled to draw her own inferences and conclusions about the significance of this evidence, is no answer. Judges obviously can draw inferences and conclusions from an "affidavit [that] could have been written better," but not from unverified suspicions and unpersuasive, conclusory, "Trust me, these are drugs"-type statements. Objections at 8. Consequently, even the trash-pull evidence cannot constitute probable cause to search the residence.

The United States continuously asserts that the Magistrate Judge improperly focused on the connection between the Defendants and the illegal activity, rather than on that between the residence and the illegal activity. For this reason, says the United States, it is irrelevant that the Defendants were not witnessed in the vehicle, that Mosley may not have been in the vehicle during the previous police stops, that no illegal activity was associated with the vehicle or the Defendants, and that the trash pulls revealed mail addressed to other parties. The Court agrees

---

² There was a three-month stretch of time between the first trash pull and the obtaining of the search warrant. Moreover, although the second trash pull was done the same day the search warrant was obtained, Detective Lewis could simply have waited to go before the state judge until testing on this evidence was completed.

with the United States that in determining if the probable cause nexus has been established, the focus should be on the connection between the place to be searched and the illegal activity. *See Mays v. City of Dayton*, 134 F.3d 809, 814 (6th Cir. 1998). The Court also agrees that some of the Magistrate Judge's analysis instead appears directed towards the connection between the Defendants and the illegal activity, namely, the fact that the Defendants were not seen in the vehicle and that other mail was found in the trash pulls. To the extent these two portions of the analysis were in error, however, the error is harmless. As discussed earlier, the vehicle sightings and trash pulls do not help to provide probable cause for the search warrant for reasons wholly apart from those that the United States takes issue with here.

However, the Magistrate Judge's focus on the fact that no illegal activity was witnessed in connection with either the vehicle, the Defendants, or the Defendants' residence was entirely proper, and no error was committed here. The United States contends that "[i]t is immaterial that no drug related activity was observed involving the Defendants or the vehicle since no evidence was seized from them or the Dodge Magnum [the vehicle]." Objections at 7. It is anything but immaterial. As explained above, the vehicle sightings and the trash pulls do not provide any evidence in favor of probable cause. Taking this into account, without any further evidence linking the residence to illegal activity, such as observations of criminal activity, there is no basis at all for the search warrant to issue. The fact that no illegal activities were observed in connection with the vehicle sightings means that there was no reason for the police to trace the vehicle's owners, locate their address, and eventually target their residence for a search warrant. Further, the fact that no illegal activities were observed in connection with the residence means that the police did not have a sufficient and reliable reason to apply for a search warrant of that

residence. No error was committed here.

Since nothing in the affidavit supports the issuance of the search warrant, probable cause simply cannot be established under the totality of the circumstances test. This objection is without merit.

### B. Stale Information

Since the Magistrate Judge determined that probable cause had not been established to support the search warrant, no finding was necessary with respect to the Defendants' staleness argument. As such, the Magistrate Judge did not reach this issue in his Report. Report at 10-11. The United States objects nonetheless and argues that the information in the search warrant affidavit was not stale. Since the Court agrees with the Magistrate Judge that probable cause was not established for the search warrant, it is unnecessary to address the staleness argument. These objections need not be considered.

### C. Exception to the Exclusionary Rule

The Magistrate Judge finally determined that this case does not fall within the "good faith" exception to the exclusionary rule recognized in *United States v. Leon*, 468 U.S. 897 (1984). The Magistrate Judge concluded that "a reasonable police officer would have known that the search warrant affidavit at issue did not contain sufficient information to establish probable cause for the issuance of the search warrant in question." Report at 12. The Magistrate Judge generally based this conclusion on the numerous deficiencies in the affidavit that both the Report and this Opinion have discussed. *Id.* More specifically, the Magistrate Judge stated that his conclusions here were based on that fact that Detective Lewis did not have probable cause to stop the Defendants' vehicle, since there were no observations of any drug activity related to the

9

vehicle, to the Defendants, or to the residence. *Id.* The Magistrate Judge then stated that the only evidence connecting the residence with illegal activity came from the trash pulls, but reiterated his findings that this evidence should be discounted because of the mail discovered that belonged to individuals other than the Defendants. *Id.* Since the warrant affidavit did not establish any connection between the residence and illegal activity, a requirement that reasonable officers should be aware of, Detective Lewis's reliance on the warrant was unreasonable and the *Leon* exception did not apply.

  The United States objects to this assessment. Detective Lewis, the United States argues, was entitled to rely on the warrant in this case because he had every reason to believe that the warrant had been issued by a detached and neutral magistrate and that there was probable cause to support the warrant. Objections at 12. Vehicle records, officer surveillance, and the trash pulls connect the Defendants to the searched residence. *Id.* at 12-13. The lack of eyewitness observations of drug trafficking activities involving the Defendants or the vehicles incorrectly focuses on the connection between the Defendants and the illegal activity, rather than on the residence and the illegal activity, and fails to account for the trash-pull evidence. *Id.* at 13. Whether there would have been probable cause to search the vehicle is irrelevant, since the standard to search a vehicle is articulable suspicion, a lower standard than probable cause. *Id.* Finally, the fact that the trash pulls revealed mail addressed to other individuals is irrelevant, since this again focuses on the individual instead of the residence. *Id.* at 14. The United States concludes that in light of the evidence listed in the affidavit, Detective Lewis had a reasonable belief that probable cause existed, and that the *Leon* exception therefore applies.

  The Court does not agree with the United States. As explained above, the affidavit does

not set forth sufficient evidence to connect the searched residence with illegal activity.  The lack of eyewitness observations of drug trafficking associated with either the vehicle, the Defendants, or the residence makes the absence of this connection obvious.  Without these observations, the only "evidence" purportedly connecting the residence to illegal drug activity is sightings of the vehicle and unconfirmed findings of suspected drug items based on unspecified "training and experience."  As such, there was no probable cause for the search warrant to issue.

The Court agrees with the United States that Detective Lewis would have only needed articulable suspicion, rather than probable cause, to stop the vehicle.  *See Florida v. Royer*, 460 U.S. 491 (1983); *Terry v. Ohio*, 392 U.S. 1 (1968).  It appears that the Magistrate Judge may have mistaken the correct standard for vehicle stops within his analysis of the *Leon* exception's applicability.  However, this minor error does not detract from the main point regarding the sightings of the vehicle: merely witnessing a vehicle in a public area, even an area in which drug-related arrests have been made, cannot help establish probable cause to believe that the vehicle's owners have drug trafficking items in their residence.  This error is harmless.

Moreover, the cases the United States cites for the proposition that *Leon* can apply where the search warrant affiant uses trash-pull evidence to establish probable cause are very different from the present case.  Specifically, the amount of evidence relied on in these cases to demonstrate probable cause is far greater than that in the present case.  In *United States v. Spikes*, 158 F.3d 913 (6th Cir. 1998), in addition to trash-pull evidence, the affiant stated that the defendant, a convicted crack cocaine dealer, had been investigated for years by the police, that a confidential informant had provided very detailed information regarding the defendant's drug activities, and that the police had observed a stream of people leave the defendant's house to

11

purchase drugs in a nearby bar. In *United States v. Robinson*, 336 F.3d 1293 (11th Cir. 2003), trash pulls revealed bags of white powder and mail addressed to the defendant, but the affidavit also stated that confidential informants had witnessed the defendant distributing drugs, that the defendant had prior drug convictions, and that the trash-pull evidence had been tested to confirm the presence of drugs. These are clearly much stronger cases for the proposition that a reasonable officer would have believed that probable cause had been established, thus invoking the *Leon* exception. They are inapplicable to the present matter.

As a police officer, Detective Lewis is charged with an understanding of what evidence may properly constitute probable cause. According to the Sixth Circuit Court of Appeals, where an officer is charged with knowledge of a valid search warrant affidavit's requirements, fails to fulfill those requirements, and relies on a warrant issued on the basis of that affidavit, the *Leon* exception does not apply. *United States v. Leake*, 998 F.2d 1359, 1367 (6th Cir. 1993). Similarly, the Sixth Circuit has indicated that the *Leon* exception does not apply where an insufficient affidavit was prepared and submitted by the same officer who executes the warrant, and who should have realized the insufficiency of the affidavit. *United States v. Baxter*, 889 F.2d 731, 734 (6th Cir. 1989). This is what occurred in the present case. Even taking all of the evidence in the affidavit as true, none of it could lead a reasonable police officer, under the totality of the circumstances, to believe that probable cause existed to search the residence in question. This objection is without merit.

**WHEREFORE**, the Court being sufficiently advised, it is hereby **ORDERED** that:

(1) The Plaintiff's Objections to the Proposed Findings of Fact and Recommendation are **OVERRULED**;

(2) The Magistrate Judge's Recommended Disposition is **ADOPTED** as the Opinion of the Court; and

(3) The Defendants' Motion to Suppress is **GRANTED**.

Dated this 24th day of April, 2008.

Signed By:
*Karen K. Caldwell*
**United States District Judge**